[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION FOR ARTICULATION RE: RESTITUTIONARY CONDITIONS OF PROBATION
This 48-year-old defendant sexually molested the 8-year-old daughter of a former friend after leaving the friend in a drunken stupor in another part of the family home. The girl, who was accosted in her bedroom, tried to stop the defendant by offering him physical resistance but her resistance was easily overcome. The victim was terrified by the defendant's conduct. In its wake she has suffered nightmares and experienced fears of encountering the defendant again.
In the aftermath of the defendant's conduct, the victim underwent a brief period of counseling at the instance of her parents. By the time of sentencing, however, all counseling had come to an end.
When I imposed sentence in this case, I ordered the defendant committed to the custody of the Commissioner of Correction for a term of ten years, execution suspended after four years, and thirty years probation. I also imposed several special conditions of probation, two of which were as follows:
 4. By the end of the third year [of his] probation, the defendant shall pay the sum of Five Thousand ($5,000.00) Dollars from his earnings into a fund that will reimburse the victim for any deductible from a health insurance policy, [or] any treatment or counseling the victim may require; and
 5. In addition, the defendant shall pay One Thousand ($1,000.00) Dollars a year for the first ten years of his probation into the fund established to reimburse the victim CT Page 2577 for any deductible from a health insurance policy, [or] any treatment or counseling the victim may require.
I have now been asked by the defendant to articulate the factual and legal basis for requiring the defendant to pay monies into a fund to pay for the victim's future treatment and counseling expenses. In so doing, he characterizes the existing record basis for such terms of probation as speculative in view of the prior cessation of all counseling for the minor victim. The state opposes the defendant's request, arguing both that the recurrence of psychological and/or psychiatric problems for victims of child sexual abuse is a well-known phenomenon and that it is impossible to predict with certainty whether, when or with what severity this victim will be burdened with such problems in the future.
The defense has also asked me to specify what should happen to any portion of the contemplated fund that the victim does not ultimately use for its designated purposes. The state joins in this portion of the defendant's request for articulation, noting that the clarification of this matter now will avoid confusion and possible litigation in the future.
In response to the parties' requests, I hereby offer the following articulation of my order imposing the fourth and fifth numbered conditions of the defendant's probation:
1. When I imposed sentence in this case, I sought not only to punish the defendant for his wilful, debasing conduct but to make him financially responsible for some of its predictable long-term consequences. In particular, I wanted to make the defendant, who is and will remain employable even after his release from prison, pay from his earnings for all non-reimbursed expenses his victim may one day incur for medical, psychological. and/or psychiatric care, treatment, and/or counseling to help her deal with the lingering effects of her victimization.
2. At the time of sentencing, the victim was no longer receiving counseling in connection with the defendant's conduct. Unfortunately, however, that is a poor predictor of her future needs for treatment and counseling. By now it is well known that the traumatic effects of child sexual abuse may last a lifetime, recurring with special intensity as the victim enters adolescence and young adulthood, experiences her sexual awakening, and comes to realize the true nature of the defendant's conduct and the CT Page 2578 full extent of her own victimization. Victims of child sexual abuse frequently experience sexual dysfunction and difficulty trusting and forming healthy relationships with members of the opposite sex. At times, as well, they experience special difficulties in raising male children. I wanted this victim to be in a position to seek and pay for necessary counseling and treatment to deal with such problems if ever and whenever she is beset by them.
3. In fashioning a plan to provide the victim with funds for counseling and treatment, I wanted to avoid a pay-as-you-go approach to the making of restitution payments, for two reasons: First, I wanted the victim to know that monies are available to pay for such counseling or treatment if ever she needs it. I did not want the victim to refrain from seeking help and incurring costs due to fear that the defendant, despite his obligations under the terms of his sentence, either could not or would not pay. Second. I wanted the defendant to contribute to the fund when he would predictably be most able to do so. By postponing the defendant's payment obligations until later in his probationary term, I feared that he might become unable to pay just as the victim's need for services might be peaking.
4. My intent in imposing the conditions, here at issue was simply to ensure that the victim would seek and be fully compensated for her actual out-of-pocket expenses for medical, psychiatric, psychological and/or emotional care, treatment and counseling to deal with the traumatic effects of her victimization. I never intended that the monies be paid over to the victim for any other purpose even if they were not used for the specific purposes I designated. Consistent with this intent, all monies left in the fund at the time of the victim's death must be returned to the defendant, if he is then alive, or to his estate in the event he predeceases her. The punitive and rehabilitative purpose of requiring the payment of restitution under the terms of this sentence will be fully achieved if the victim has the fund available to meet her needs during her own lifetime.
5. This part of the defendant's sentence was imposed under General Statutes § 53a-28 (c). All monies to be paid out of the fund will be for "easily ascertainable damages for [traumatic psychological or emotional] injury." including the costs of "counseling reasonably related to the offense." Id.
CT Page 2579
SHELDON, J.